IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James Michael Lucas, #276323, | ) | |
| | ) | Civil Action No. 1:12-2879-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael McCall, Warden of Lee Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

The petitioner is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections and is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 based on claims of ineffective assistance of counsel and actual innocence. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the respondent's motion for summary judgment and dismiss the petition with prejudice. (ECF No. 44). The petitioner timely objected to the Report. (ECF No. 56).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As set forth above, the petitioner filed timely objections to the Report. However, his objections merely restate factual allegations and legal conclusions raised in briefing and fully addressed in the Report. The court has thoroughly reviewed the Report, the petitioner's objections, and the record in this case and finds that, while the petitioner is correct that his trial counsel could have introduced other evidence or called other witnesses, the petitioner has failed to show that his counsel's calculated decision not to do so was unreasonable or that the inclusion of the additional evidence would have likely changed the outcome of his trial. Thus, the court agrees with the Report that the petitioner has failed to meet his burden under *Strickland v. Washington*, 466 U.S. 668, 694 (1984), to show ineffective assistance of counsel or that the state court's analysis of his ineffective assistance claims misapplied established federal law, *Williams v. Taylor*, 529 U.S. 362, 398 (2000).[1]

Accordingly, the court adopts the Report (ECF No. 44) and incorporates it herein. It is therefore **ORDERED** that the respondent's motion for summary judgment (ECF No. 31) is **GRANTED** and the habeas petition is **DISMISSED** with prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

---

[1] In addition, to the extent the petitioner raises grounds for relief in his objections that were not raised in his petition or presented to the state supreme court (ECF No. 56 pp. 30, 31), the court finds that those grounds are not properly before the court.

**IT IS SO ORDERED.**

                                                s/Timothy M. Cain
                                                United States District Judge

December 19, 2013
Anderson, South Carolina